UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB M. BOSLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MAHONEY, et al.,<br><br>    Defendants. | No. 2:24-cv-00141-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a former arrestee proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the court grants plaintiff leave to proceed in forma pauperis.

<u>Screening Standards</u>

Where a litigant has been granted leave to proceed in forma pauperis, the court must dismiss the action at any time if it "determines that the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.S. § 1915(e)(2)(B).

////

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

Plaintiff's claims center on his arrest in Truckee, California on January 28, 2023 by deputies employed by the Placer County Sheriff's Department. ECF No. 1 at 3, 4. Plaintiff alleges that the deputies destroyed his vehicle's windows to remove him from it and then dropped plaintiff head-first onto the pavement. *Id.* at 3. Defendant Deputy Cojhello placed his knee on plaintiff's head. *Id.* at 4. Plaintiff briefly lost consciousness and sustained various injuries. *Id.* Later, at a hospital, defendant Sergeant Mahoney refused to allow plaintiff to use the bathroom without handcuffs and left the bathroom door open and watched plaintiff while he used it. *Id.* at

4. Plaintiff believes that Mahony "looked at my junk through my underwear flap during arrest." *Id.*

Plaintiff was then transported in his underwear by unidentified persons 100 miles away from his vehicle, to Roseville. *Id.* Plaintiff nearly caught hypothermia. *Id.*

Plaintiff believes that defendant Cojhello may have caused him to be fired from his job at a Truckee resort as part of his and/or the Sheriff's Department's efforts to run plaintiff out of town for being homeless.

Plaintiff does not clearly identify the federal law(s) he alleges defendants to have violated by what particular conduct. Instead, he lists 18 U.S.C. § 245, 42 U.S.C. §§ 1983, 1985, and 1986, U.S. Constitution Amendments 1, 4, 8, 11, and 14, and California Civil Code § 52.1. The court will not review each statute listed by plaintiff and attempt to determine how the facts alleged by plaintiff may make out a violation of such statute – it is plaintiff's duty to plead what facts he alleges make out what legal violations.

To the extent it can discern obvious potential federal legal violations from the complaint's allegations, the court will review such violations to determine whether plaintiff has stated potentially cognizable claims.

First, it appears that plaintiff may wish to assert a claim that sheriff's deputies, including defendant Cojhello, violated his Fourth Amendment rights. The Fourth Amendment governs claims of excessive force during arrest. *Graham v. Connor*, 490 U.S. 386, 395 (1989); Smith v. City of Hemet, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). Courts analyzing such a claim must apply an "objective reasonableness" standard, "balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted). The court must determine whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citations and internal quotation marks omitted). For the purposes of screening only, the court finds that plaintiff has stated a potentially cognizable Fourth Amendment claim against defendant Cojhello. Because plaintiff has not identified any of the other deputies involved in the

arrest, he has failed to state a cognizable Fourth Amendment excessive force claim against any other individual defendant. Plaintiff will be provided an opportunity to file an amended complaint to attempt to state a cognizable Fourth Amendment claim against the other deputies involved in his arrest.

Plaintiff has also stated a potentially cognizable Fourth Amendment claim against defendant Mahoney for an unreasonable search. *See Way v. County of Ventura*, 445 F.3d 1157, 1160 (9th Cir. 2006).

A municipal entity, like the Sheriff's Department, cannot be held liable under § 1983 solely because it employs an individual who violated the Constitution. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404-05 (1997). If plaintiff wishes to impose liability on the department (rather than, or in addition to, individual persons responsible for violation of his rights), he must allege that a county policy or custom caused the violation. *Id.* The complaint, as it stands, is devoid of such allegations, and thus plaintiff's claims against the Placer County Sheriff's Department must be dismissed with leave to amend.

Any claim plaintiff wishes to pursue based on his transport to Roseville fails as currently pleaded because plaintiff does not identify the individual(s) who transported him and/or were responsible for the transport.

<u>Leave to Amend</u>

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v.*

*Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, the following potentially cognizable claims:
   a. for violation of the Fourth Amendment against defendants Cojhello and Mahoney.
3. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
4. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
5. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: August 29, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB M. BOSLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>MAHONEY, et al.,<br><br>    Defendants. | No. 2:24-cv-00141-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the specific claims identified in the Screening Order against defendants Cojhello and Mahoney.

OR

(2) _____ delay serving any defendant and file an amended complaint.

_____
                                           Plaintiff

Dated: