UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB M. BOSLEY,

Plaintiff,

v.

MAHONEY, et al.,

Defendants.

No. 2:24-cv-00141-EFB (PC)

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He initiated this action on January 11, 2024. ECF No. 1. Plaintiff's claims center on his arrest in Truckee, California on January 28, 2023 by the Placer County Sheriff's Department. *Id.* Upon screening of the complaint, this court found that plaintiff had alleged potentially cognizable claims for violation of the Fourth Amendment against defendants Mahoney and Coelho only. ECF No. 7. All other claims were dismissed with leave to amend; plaintiff did not opt to amend his complaint. ECF No. 8. Defendants Mahoney and Coelho have now filed a motion to dismiss the complaint on the grounds that it fails to state a claim. ECF No. 16. Plaintiff has filed a statement that appears to be intended to serve as his opposition to defendants' motion. ECF No. 18. For the following reasons, it is recommended that defendants' motion to dismiss be GRANTED in part and DENIED in part.

////

1

## I.    Plaintiff's Allegations

The allegations in the complaint (ECF No. 1) are as follows.[1]  Plaintiff was arrested on January 28, 2023 by deputies employed by the Placer County Sheriff's Department.  ECF No. 1 at 3, 4.  Plaintiff alleges that the deputies destroyed his vehicle's windows to remove him from it and then dropped plaintiff head-first onto the pavement.  *Id.* at 3.  Defendant Deputy Coelho placed his knee on plaintiff's head.  *Id.* at 4.  Plaintiff briefly lost consciousness and sustained various injuries.  *Id.*  Later, at a hospital, defendant Sergeant Mahoney refused to allow plaintiff to use the bathroom without handcuffs and left the bathroom open and watched plaintiff while he used it.  *Id.* at 4.  Plaintiff believes that Mahoney "looked at my junk through my underwear flap during arrest."  *Id.*

Plaintiff was then transferred to Roseville – 100 miles away from his vehicle – in his underwear by unidentified persons.  *Id.*  Plaintiff claims he nearly caught hypothermia.  *Id.*  Plaintiff alleges that defendant Coelho may have caused him to be fired from his job at a Truckee resort as part of his and/or the Sheriff's Department's efforts to run plaintiff out of town for being homeless.

In its order screening plaintiff's complaint, this court found that plaintiff had stated a potentially cognizable claim against defendant Coelho for alleged excessive force during plaintiff's arrest, in violation of plaintiff's Fourth Amendment rights.  The court further found that plaintiff stated a potentially cognizable claim against defendant Mahoney for an unreasonable search.  ECF No. 7.  All other claims against all other defendants were dismissed with leave to amend, and plaintiff did not file an amended complaint.  ECF No. 8.

## II.    Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

---

[1] These allegations are from plaintiff's complaint and are accepted as true for the purposes of this motion.

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co*., 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference supported by the facts). *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.    Analysis

At the outset, the court notes that defendants maintain that plaintiff did not file an opposition or notice of non-opposition, and they argue that their motion to dismiss should be granted on those grounds. ECF No. 22. Plaintiff did, however, file a "Statement" on September 4, 2025. ECF No. 18. The statement is titled "Jacob Bosley v. Mahoney and Coelho", and, liberally construed, it asserts plaintiff's opposition to the motion. Accordingly, the court addresses the motion on the merits.

### A. Fourth Amendment Claim Against Defendant Coelho

Plaintiff maintains defendant Coelho used excessive force during plaintiff's arrest, in violation of plaintiff's Fourth Amendment rights.[2] Defendants argue that plaintiff's allegations

[2] In its screening order (ECF No. 7), this court specifically found that plaintiff had failed

3

are insufficient to state a claim for excessive force.

A claim that a law enforcement officer used excessive force during an arrest is analyzed under the Fourth Amendment and an objective reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force: it is the need for force which is at the heart of the *Graham* factors.'" *Liston v. County of Riverside*, 120 F.3d 965, 976 (9th Cir. 1997) (quoting *Alexander v. City and County of San Francisco*, 29 F.3d 1355, 1367 (9th Cir. 1994)). "Force is excessive when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002) (citing *Graham*, 490 U.S. 386).

Here, plaintiff's complaint alleges that he was contacted by Coelho and other sheriff's deputies for a complaint of sleeping in his car in the parking lot of a business. Plaintiff asserts that this is conduct that would normally result in a citation but not an arrest. He alleges that the officers broke his window, forcefully pulled him from his vehicle, and dropped him on his head on the pavement. He claims that when he came to, defendant Coelho had his knee on plaintiff's head. ECF No. 1 at 4. Plaintiff does not specifically allege that Coelho was the officer who dropped plaintiff on his head, but he does sufficiently allege Coelho's participation in the forceful removal of plaintiff from the vehicle.[3]

While defendants contend that the force used was reasonable and not excessive under the circumstances, a Rule 12(b)(6) motion is not the appropriate stage of the proceedings to resolve that dispute. Plaintiff's allegation of the force used in responding to the complaint of an

to state a cognizable Fourth Amendment excessive force claim against any defendant other than Coelho.

[3] Further, Coelho's role is not reasonably disputed. Plaintiff's statement in opposition to defendants' motion includes copies of the incident report authored by Coelho which specifically states that Coelho broke the driver's side rear window and that he and two other named deputies forcefully removed plaintiff from his car. ECF No. 18 at 5. On a motion to dismiss, a court may take judicial notice of public records such as the incident report in question and does so here. *See* Fed. R. Evid. 201; *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986.)

The complaint as currently pled has not included any other officers in the excessive force claim. Plaintiff was specifically allowed the "opportunity to file an amended complaint to attempt to state a cognizable Fourth Amendment claim against the other deputies involved in his arrest" (ECF No. 7), but he opted not to do so and filed a notice of election confirming his intention to proceed only with the claims identified in the screening order. ECF No. 8.

individual camping in his car in a parking lot is sufficient to state a claim of excessive force as to Coelho. *See Clark v. County of San Francisco*, 2016 WL 3996333, *4 (E.D. Cal., July 26, 2016) (denying motion to dismiss where plaintiff's Fourth Amendment claim of excessive force included allegations that the actions taken by law enforcement were "unjustified by the circumstances, and [] beyond the level of force that any reasonable[] law enforcement officer could have believed was justified.").

### B. Fourth Amendment Claim Against Defendant Mahoney

Plaintiff maintains that defendant Mahoney conducted an unreasonable search in violation of plaintiff's Fourth Amendment rights. Plaintiff alleges that, after his arrest, "Sgt. Mahoney refused to allow me to use the bathroom in the hospital without taking off handcuffs and watched me while I tried to use the toilet. He left the door open and I could see him staring at me. I believe he also looked at my junk through my underwear flap during arrest." ECF No. 1 at 4.

Actions which intrude upon and violate a recognized "reasonable expectation of privacy" may constitute a "search" under the Fourth Amendment. *See Katz v. United* States, 389 U.S. 347 (1967). In analyzing the constitutionality of a search, courts must balance "the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). In so doing, courts must weigh "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.; see also Way v. County of Ventura*, 445 F.3d 1157, 1160 (9th Cir. 2006).

Here, plaintiff has not alleged sufficient facts to state a claim for an unreasonable search. Plaintiff appears to be alleging that defendant Mahoney conducted an unconstitutional search when he observed plaintiff in the bathroom at the hospital and possibly looked at plaintiff's "junk" during the arrest. Assuming that observing plaintiff in the bathroom constituted a search for Fourth Amendment purposes, plaintiff has not adequately pled that such action was unreasonable under the circumstances. Plaintiff does not bring a claim that either his arrest or his detention at the hospital was unconstitutional, and the complaint as pled does not demonstrate that leaving the door open when a detained individual uses the bathroom amounts to an unreasonable

invasion of personal rights.  As to plaintiff's allegations that defendant Mahoney observed his genitals through his underwear flap during the arrest, plaintiff has not adequately demonstrated that such actions even constituted a search.  Because plaintiff's allegations do not establish an unreasonable search in violation of the Fourth Amendment, his claim against defendant Mahoney must be dismissed.

### C.  Leave to Amend

Defendants request that plaintiff not be permitted to amend his complaint, arguing that he failed to oppose their motion to dismiss.  ECF No. 22.  As discussed *supra,* however, plaintiff is a pro se litigant and his filing of September 24, 2025 may be liberally construed as an opposition to defendants' motion.  ECF No. 20.  Plaintiff has not yet amended his complaint, and he is entitled to the opportunity to do so.  *See  Lopez v. Smith,* 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

### IV.    Order and Recommendations

It is hereby ORDERED that the Clerk of Court randomly assign a district judge to this action.  For the foregoing reasons, it is RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 16) be DENIED as to the excessive force claim against defendant Coelho, and GRANTED as to the unreasonable search claim against defendant Mahoney.

2. The complaint (ECF No.1) be dismissed with leave to file an amended complaint within 30 days of the date of this order.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."

3. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

6

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE